## GAFFNEY v. GORDON.

District Court, N. D. New York. May 23, 1929.

Tracy, Chapman & Tracy, of Syracuse, N. Y., for complainant.

McGowan & Stolz, of Syracuse, N. Y., for defendant.

BRYANT, District Judge. This case is before the court upon motion of defendant for an order dismissing complaint and directing judgment in favor of defendant upon the grounds: (1) That the complaint does not state facts sufficient to constitute a cause of action; and (2) that it appears upon the face of the complaint that the plaintiff has not legal capacity to sue.

In the memorandum or brief submitted by plaintiff, there is a request that complainant be allowed to amend his complaint by adding at the end of the first paragraph thereof the following allegations: "That complainant is a resident and citizen of the City of Philadelphia in the Eastern District of Pennsylvania and that the defendant is a citizen and resident of the City of Syracuse in the Northern District of New York." While this request contained in a brief submitted cannot be construed, in any sense of the word, as a motion for leave to amend, yet inasmuch as it is a request which if properly made would probably be allowed, provided the proposed allegations are necessary, and inasmuch as the defendant has not attacked the complaint upon that ground, the complaint has been considered with the proposed allegations added.

The complaint contains two causes of action, and in substance states that David Gilbert, prior to December 18, 1925, was petitioned into bankruptcy in the Eastern district of Pennsylvania, and that on December 23, 1925, he offered, in accordance with the provisions of the Bankruptcy Act (11 USCA), a composition of 40 per cent. to his cred-

itors, a part of which was to be paid in cash and the balance by three equal promissory notes secured to the satisfaction of his creditors payable in four, eight, and twelve months; that on or about December 18, 1925, said offer of composition was duly confirmed by an order of the United States District Court for the Eastern District of Pennsylvania; that the complainant was named as custodian of the funds necessary to carry out the composition; that part of the funds were paid in cash and the balance by their promissory notes drawn by the bankrupt, to the order of complainant, as trustee as per the following order of John H. Bridenbaugh, referee in bankruptcy in the Eastern district of Pennsylvania: "Now, January 31, 1925, it is ordered, that the above named alleged bankrupt deposit with Frank A. Gaffney, Custodian No. 1015 Chestnut Street, Philadelphia, Pennsylvania, the consideration to carry out the terms of the composition offered by said bankrupt to his creditors as per schedule of distribution attached hereto. John Bridenbaugh, Special Referee." That in pursuance of said composition agreement and order of the referee, the bankrupt, Gilbert, made his three promissory notes payable to the order of complainant; that before delivery and for the purpose of giving credit to said notes, the defendant duly indorsed same, and thereafter and before maturity said notes, containing the indorsements, were delivered by the bankrupt to the complainant for value, and complainant thereupon became and still is the owner and holder, as custodian, of said notes. The complaint then alleges payment of the first note, presentation, demand, refusal, and protest of the other two, and demands judgment for amount of the two notes, interest, and protest fees.

The defendant, by argument of counsel and by briefs, points out several alleged defects to support his two contentions. Plaintiff in answering these arguments presents facts which might be pertinent to the issues upon the trial, but which cannot be considered here. This motion must be decided upon the allegations of the complaint alone.

Plaintiff sues in a representative capacity. He makes no claim to ownership of the notes. In fact, the bill of complaint disavows ownership. Suing as he does in a representative capacity, it is necessary that he allege facts showing his authority to so sue. He sues as "custodian" upon notes made to him as "trustee." From the facts alleged in the complaint he has no legal status as a custodian or trustee appointed by the court. In other words, he is not a legally appointed officer of the court. If he was, I should question seriously his right to sue without authority first being obtained. Counsel for plaintiff in his brief disclaims any authority to sue by reason of any court appointment. He states "that the plaintiff who is called a custodian is a trustee who represents the creditors by agreement made between the creditors and the bankrupt." What creditors, and by what agreement? The complaint is silent on this. The bill does not allege facts sufficient to show his authority to sue. Ordinarily, the owner of property must sue, and this rule should prevail unless appropriate allegations otherwise show authority.

Having reached the conclusion that the bill of complaint does not contain allegations showing legal capacity on part of plaintiff to sue, the court does not deem it necessary or expedient upon this motion to pass upon the objections raised to the legality and enforceability of the notes.

Motion to dismiss is granted, with right to plaintiff to amend within 20 days if he can amend by allegations sufficient to show legal capacity to sue. An order may be submitted on notice.